May be seated and good morning everyone. It's great to see a full courtroom. Welcome. Before we begin today Judge Wood and I would like to extend a very warm welcome to our new colleague Judge Doris Pryor. She was sworn in last month and is sitting with the court for the very first time today and I would like you to extend a warm welcome to her as well as you practice before the court. We're fortunate indeed to have such an experienced and distinguished jurist joining our court so welcome Judge Pryor. Thank you. All right with that I will call our first case this morning. United States against Johnny Kimble. May it please the court. My name is Quinn McAllis and I represent the appellant Johnny Kimble. Your honors we are here today because of the 145 days that Mr. Kimble spent in state custody for an offense that was later brought to federal court and for which Mr. Kimble never received any credit to his federal sentence. Mr. Kimble illegally possessed a gun on August 16th 2020. On that night he was arrested by the Chicago Police Department and held continuously in custody on that state charge for being a felon in possession of a firearm. He was then indicted in the Northern District of Illinois on September 10th 2020 for the illegal possession of that same firearm on August 16th 2020. However Mr. Kimble was not remanded into the custody of the US Marshals until January 8th 2021 when he was brought to court here in the Northern District of Illinois. So can you tell me how clearly you brought this point to the attention of the did come up fleetingly which is what it looked like to me. The judge didn't have any reason to think this was a primary argument you were making. It was brought up in the sentencing memo and the the issue of the fact buried in the midst of lots of other points more particular points about his background right. It was it was a separate section of the sentencing memo. It wasn't called miscellaneous. It was because it was essentially not necessarily a mitigation argument the way that the other arguments were brought up but a separate issue of how credit would be assigned to him by the Bureau of Prisons. So it was a separate section and it was something that was identified as a problem with the way that the Bureau of Prisons would credit his his sentence based on this weird issue with the writ that brought him in. Well I mean it's it's a function of the fact that he wasn't in federal custody. Correct. Right. And and so because of this writ he was not in federal custody until he was officially remanded into the custody of the US Marshals. So is it the position of counsel that this was not a mitigation argument? I suppose it would be an argument that was separate from the the more specific arguments about his I was the attorney at the sentencing hearing so I felt that this was a separate argument in addition to the 3553a factors that I tried to fit into the specific parts of this the sentencing statute. But it was still a principal argument because it was it was raised in both the sentencing memo and then again at the sentencing hearing. It was an issue of recognized legal merit because of the the problems or the shortcomings with the way that the Bureau of Prisons would calculate the credit. It was identified as something that would essentially be 145 days that would never be credited towards any sentence. And then it was asked for again. Can you walk me through kind of how we're getting to 145 days? Sure. So he was arrested on August 12, 2020. He remained in state custody until January 8, 2021. So that's where this 145 day period comes from. So he would not have his federal detention would not have started until January 8, 2021. And when is he convicted on the on the first state charge? He was never convicted on that charge because it was dismissed and then he was convicted in federal court for that same charge. There's two charges? There's just the one charge. The state court offense is the same charge that he eventually pled guilty to in the federal court. But there was an earlier state court I think the confusion is there was an earlier state court proceeding as well but he does wind up getting convicted on. Yes that was a separate offense. I understand it. I'm just saying in terms of his incarceration though it's quite meaningful. Well he was never in custody for that state court of offense until essentially I guess he was convicted in this court I'm sorry in the district court and then the judge ordered that that sentence be run concurrent with the state court sentence. So August 16th is the first charge. The second. So the August 16th charge or date I'm sorry is the date of the I guess the second state court charge. The one that was then brought to federal court. There was an earlier state court charge for a different offense that he was then sentenced for while he was in custody awaiting the resolution of his federal case. I guess with the calculation where the disconnect is he is arrested on a state charge, released, arrested on a second state charge August 16th. He is not federally indicted until September on the second charge. That's correct yes. So from August 16th through from August 16th until he's indicted on the state charge I'm trying to determine from you counsel whose custody is he in during kind of that window. So he's in the state custody in that window on that second charge. The one that he then pled guilty to in federal court. I don't believe that he was ever once he was remanded to federal custody then none of that time counted towards the state the first state court charge. The one that he pled guilty to while he was in federal custody awaiting this particular August 16th charge. Didn't the state court credit him some days? No I because he was in the custody of the federal government at that point so he was not credited towards his state court sentence. He basically began I think it began running that that state court sentence began running I believe once he was taken into the Bureau of Prisons. I apologize I don't actually know when that started running but it did not start running once it was charged I believe. I think there's a section in the PSR that mentions it and I'm sorry I don't have that in front of me right now. The state docket on the under on that first chart says he was credited 418 days. That may have been based on the date that he was he was found. I actually don't know I'm sorry I don't know the answer to that question. Because it goes into the math 145 days the state court credited if this argument is that the principal or the mitigation argument is that judge the BOP cannot consider the days that he was not in state custody. There's a hundred and forty-five days that's not a credit for the state and the first conviction didn't credit it judge this is why a below guideline sentence makes sense. Below 51 months because there's at least a hundred and forty-five days that are not accounted for. So that's why I'm trying to flush out how where is that number coming from if he was at the time it has been credited for it in the state court why would he would credit again or kind of double counting on the federal side during kind of this mitigation argument. So I don't I don't think it's double counting because that whatever that period of time was was when he was in federal custody and it was for a separate offense not related to the one that he was found guilty of here. With respect to the judge's understanding of what his ability was to do in terms of reducing the sentence it was identified again in the sentencing memo and then raised again at the hearing and the if the district court took this argument to mean that he should be ordering the Bureau of Prisons to credit the time that's not what the argument was that the argument was that the Bureau of Prisons would not be crediting it and therefore there was a way for the judge to give credit to Mr. Kimball by effectively downwardly departing from the sentence and the fact that the judge specifically mentioned that he would that it was not for the judge to determine and that it was the Bureau of Prisons that would determine this suggests that there was a misunderstanding of what the judge could actually do in this situation. I see that I have a minute left and I'll reserve the rest of my time. Thank you. Good morning, Your Honors. May it please the court, my name is Simer Kara and I represent the United States. This court should affirm Mr. Kimball's sentence. The district court properly addressed the defendant's primary arguments in mitigation and defendant's request for credit for time he spent in state custody was not a primary argument in mitigation. It's a little hard to see it that way though. 145 days is a considerable amount of time for a person. It's not quite half a year but so he does raise it. He raises it under that miscellaneous category in his memorandum and I'll grant you at the last minute but counsel also again raises it with with the judge. The judge only makes a remark about the Bureau of Prisons role with federal custody correct insofar as it went but incomplete and I think that's why counsel is concerned that the judge just didn't realize that there was this other problem of custody that needed to be solved. That's correct, Your Honor, and it's the government's position that the issue of the credit was not addressed in a way that would put that would have put the district court on notice that this was a primary argument in mitigation that needed to be addressed by the district court. But you can't call it a stock argument really. I mean it's a very particular number of him because of the way the writ of habeas corpus ad prosecundum was being handled. So usually when we say it wasn't a primary argument it's somebody saying you know you didn't take into account my bad childhood or you didn't take into account the fact that my family's gonna suffer or things that you know for better for worse a lot of people do raise. This is quite particular to Mr. Kimball. That is true, Your Honor. It's not a typical stock argument that we see in other cases. However here there's not sufficient information in order that was provided to the district court in order for the district court to have been put on notice that this was a principal argument in mitigation that needed to be addressed. In the sentencing memorandum the defendant merely states in the memorandum that he spent 145 days in state custody related to this case and that he should be credited for that time. There's no explanation as to how those 145 days are credited and why he's entitled to 145 days based on the timeline of events that occurred and and there's no discussion of whether or not that time was credited to his first in time state court arrest for the unrelated firearms offense. So you think he needed to have a longer discussion of it? I mean he certainly tells the judge what he wants and the judge never picks up on it. It's the government's position that there was not sufficient information provided to the district court for the district court to be aware of the merits of that argument. I wonder if the problem is terminology, the failure of communication here by using the terminology of credit that suggests what the Bureau of Prisons does which is calculate the pretrial or pre-conviction custody and award credit for that as a statutory matter rather than a request that the judge take account of what was essentially lost time in custody because the second felon in possession offense that came in as a state offense and was waived over to the federal side was essentially lost custodial time because the state offense was dismissed once he came over to federal custody, the second state offense for felon in possession. So when an argument like this is made in mitigation as opposed to asking for something that the Bureau of Prisons is supposed to do it has to be phrased as such and all that was done here was invoke the term credit for 145 days which signals to the judge oh you're asking me to do something that the Bureau of Prisons is supposed to do and that's what Judge Norville said basically. I would agree your honor that there was a terminology issue here. I think when defense counsel mentions the 145 days in state custody at the end of her argument during the sentencing hearing it's more of a prayer for relief than a request for for a mitigating argument to the district court. I don't believe that when the district court addressed the when or informed the defendant that he was entitled for time spent in federal custody that that was the district court also addressing this issue of the the state court credit. I think the the issue here was that defendant neither defendant nor defense counsel were clear in what they were requesting from the district court and that did not put the district court on notice of of this 145 days being a principal argument in mitigation. What if you put the judge on notice that the request being made is below the recommended guideline range contained in the PSR that has been recommended by the government even though the government is requesting low end of the guideline range clearly defense even from the sentencing memorandum you're able to glean is requesting to be sentenced below that range and the calculation of a hundred and forty five days in the sentencing memorandum in the miscellaneous section says this hundred and forty five day calculation will not be taken into account by the BOP. Would that not be a mitigation or using the words of principal mitigation argument? I don't believe in this case that it was a principal mitigation argument. It's it seems more in this case that it was addressed as an afterthought by defense counsel in defendant's allocation to the court he himself never addresses this issue he does not discuss the time spent in state court custody nor does he request any credit for time spent in the fact that defense counsel requested a below guideline sentence would not put the district court on notice that there's a request for credit for time spent in state custody because it's a fairly standard request to request a below guideline sentence and in fact in this case the district court did sentence the defendant to a below guideline sentence of 51 months in custody so he did take into account the defendant's principal arguments in mitigation which were as laid out in ten pages of the sentencing memorandum and in the entirety of defense counsel and defendant himself's argument at the sentencing hearing the arguments of his troubled childhood the absence of his mother the death of his mother the absence of his father his childhood battle with leukemia and his struggle with a learning disability all of those arguments were taken into account by the district court during his 3553 a analysis before issuing the below guideline sentence of 51 months and I might have had it incorrect and I apologize for that I had to pee it I had the range the bottom of the range being that at 51 months oh I apologize not a below guideline sentence a low-end guideline sentence was issued by the district court I apologize this is not at all an unusual occurrence when a gun case or a drug case comes in as a state case and gets moved over for federal prosecution because of some aggravating circumstances or other considerations between the two charging authorities what ordinarily happens to that sunk time in state custody the sunk time your honor I can't speak to what usually occurs I think in this case as your honors pointed out with defense counsel during her argument there was the complicated issue of the first in time arrest the October 2019 case that presented an issue that complicated the matters in this case where it was not a straightforward 145 days that he spent in custody that would be easily recognizable to anyone that looked at it because of that October 2019 case and the fact that defendants August 16th 2020 case which is the factual basis for this case was dismissed in October 7th of to town October 7th of 2020 after his federal indictment that complicates the issue of the time I understand that but my basic question is what what happens to the time in state custody when someone's waived into federal court waived is not the right word but you know what I'm talking about on the same factual basis your honor if it's if it's and comes into court on it comes into state court on a felon in possession arrest and is in custody you know arraigned there is in custody for some period of time and ultimately you folks take over what happens to that time in the ordinary case if the is the underlying state court case then dismissed by the state that's usually what happens right that's the case your honor then the request for credit for that time is on defense counsel to address with the judge and but as a mitigation argument or as something the BOP does because the BOP wouldn't credit that time in the ordinary sense because he's not in federal custody right it would not be a address the district court and it would be in the district courts discretion whether or not to credit that time within the sentence and we're not talking about crediting that time we're talking about using that to impose a lower sentence using that time taking account of that time that would otherwise be lost in imposing a reduced sentence right precisely because it doesn't get credit right I'm trying to judges I've seen the judges make these because it's not in the world of crediting this is this other thing I can do I mean there's no mandatory minimum in the way or anything like that exactly it would be subtracted from the sentence that the district court was originally intending to and that's what he wanted here that that is what defense was asking for here but that's never made clear to the district court in the way that it's phrased in the way that it's argued but the point of my question is how obvious would it have been to an experienced judge that that's what the something that happens commonly in gun and drug cases which I think it is should what was said here been enough to alert the judge I do the argument that was being made I think to alert the judge that this was an argument yes I think that there is sufficient information here to alert the judge but to have it raised to the level being a principal argument and mitigation that the district court needs to address it no the district court this court has very clear that the district court does not need to address all arguments and mitigation addressed by the defendant and defendants counsel only principal arguments of mitigation and yes there is enough information here that might have the district court or anyone reading it thinking oh this this is possibly an issue there was not sufficient information brought forth or put forth by defendant or his counsel to make it a principal argument and mitigation thank you thank you I see that my time is up there's no further questions that the Michaela's I just to briefly address what usually happens in the case like this I have asked for this particular credit to use the wrong terminology which I will change now in the future I'm not suggesting that everybody changed their terminology oh but I routinely asked for this in these exact situations and have not had a problem with judges understanding that the Bureau of Prisons will not credit that time and have to jump in really quickly I'm sorry I need to make this distinction between United States versus Stevens in so when we're looking here can an argument in mitigation ever be a principal argument when the attorney spends one sentence on it at the sentencing hearing I think so in in the fact that the specific argument really only needed to identify the issue as you know he will not be credited for this it was identified in the sentencing memo I assumed that the judge had read through the sentencing memo and so referring to the the credit issue there I felt was sufficient to raise that issue with the court that this would not be sent this would not be credited I see my time is up so I would ask your honors that you vacate the sentence and remand for resentencing on this particular issue thank you very much our thanks to all counsel the case is taken under advisement